STATE OF HAWAII, Plaintiff-Appellee,
v.
ALFRED J. ROMAN, Defendant-Appellant
No. 26359.
In the Intermediate Court of Appeals of Hawaii.
January 22, 2008.
Henry Ting, Deputy Public Defender, for Defendant-Appellant.
Presiding Judge Mary Ann J. Holzl-Davis, Deputy Prosecuting Attorney, County of Hawaii, for Plaintiff-Appellee.

SUMMARY DISPOSITION ORDER
Foley, Presiding Judge, and Fujise, J.; and Nakamura, J., dissenting)
Defendant-Appellant Alfred J. Roman (Roman) appeals from the Judgment filed in the Family Court of the Third Circuit (family court)[1] on December 26, 2003. After a bench trial, the family court convicted Roman of Abuse of Family or Household Members, in violation of Hawaii Revised Statutes (HRS) 709-906(1) (Supp. 2005).
The family court sentenced Roman to two years of probation with the following special terms and conditions: Roman was (1) to serve a fifteen-day term of imprisonment, thirteen days of which would be stayed; (2) to attend a domestic violence intervention program; (3) to undergo an alcohol abuse assessment, follow recommended treatment, and be subject to any requested random urinalysis screening for drugs and/or alcohol; and (4) to not possess or consume alcohol during his probation period. The family court also ordered Roman to pay a $150 probation fee and $50 assessment to the Crime Victim Compensation Fund.
On appeal, Roman contends the family court erred in convicting him of the offense because (1) the court was wrong to conclude that the parental discipline defense (HRS § 703-309(1) (1993)) was inapplicable to the instant case; (2) the State of Hawai'i (State) failed to negate Roman's parental discipline defense; (3) the court erred by excluding evidence of Roman's previous non-physical attempts to deal with Minor's "misconducts," which constituted a violation of Roman's constitutional right to present a defense; and (4) the court was wrong to conclude that Minor's "inaction and defiance in response to a command by a parent or guardian" failed to constitute punishable misconduct.
Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Roman's points of error as follows:
(1) The family court clearly erred by not applying the parental discipline defense in the instant case because Roman's testimony, however weak, inconclusive, or unsatisfactory, was probative of the fact that (a) Roman had parental authority over Minor, (b) the force at issue was employed with due regard for Minor's age and size, and (c) the force was reasonably proportional to the misconduct being punished and reasonably believed necessary to protect the welfare of the recipient. State v. Stocker, 90 Hawai'i 85, 95, 976 P.2d 399, 409 (1999); see HRS § 703-309(1); State v. Crouser, 81 Hawai'i 5, 10-11, 911 P.2d 725, 730-31 (1996).
(2) The family court's error in ruling that the parental discipline defense did not apply in the instant case was harmless because the State provided sufficient evidence at trial to negate Roman's proffered parental discipline defense. Given Minor's version of events, there was substantial evidence to support a conclusion that Roman's kicking Minor in the lower back, making it sore; hitting Minor twice on the face, leaving redness, soreness, and a lump there; and choking Minor because Minor did not grate the cheese as instructed and then did not grate it as Roman wanted was not reasonably proportional to Minor's misconduct or reasonably believed necessary to protect Minor's welfare. See In re Jane Doe, 95 Hawai'i 183, 190, 20 P.3d 616, 623 (2001); Crouser, 81 Hawai'i at 10-11, 911 P.2d at 730-31; see also State v. Miller, 105 Hawai'i 394, 399 & 402, 98 P.3d 265, 270 & 273 (App. 2004).
(3) Assuming arguendo, the family court abused its discretion by excluding evidence, based on irrelevance, of Roman's previous non-physical attempts to deal with Minor's "misconducts" (Roman testified that he had never disciplined or even punished Mionr prior to the incident), such error was harmless. Hawaii Rules of Penal Procedure Rule 52(a); State v. Gano, 92 Hawai'i 161, 176, 988 P.2d 1153, 1168 (1999).
(4) The family court did not conclude that Minor's "inaction and defiance" failed to constitute punishable misconduct.
Therefore,
IT IS HEREBY ORDERED that the Judgment filed on December 26, 2003 in the Family Court of the Third Circuit is affirmed.

DISSENTING OPINION BY NAKAMURA, J.
Defendant-Appellant Alfred J. Roman (Roman) made a prima facie showing that he was entitled to invoke the parental discipline defense set forth in Hawaii Revised Statutes (HRS) § 703-309(1) (1993). I therefore agree with the majority that the family court clearly erred in not applying the parental discipline defense in this case. I disagree, however, with the majority's conclusion that this error was harmless. In my view, the family court's failure to consider Roman's asserted parental discipline defense affected his substantial rights and was not harmless error. I further conclude that the family court harmfully erred in excluding evidence of Roman's non-physical attempts to deal with previous incidents of misconduct by Minor (the complaining witness). This evidence was relevant, under the parental discipline defense, to whether the force used by Roman in this case was reasonably proportional to the misconduct being punished. See State v. Crouser, 81 Hawaii 5, 12, 911 P.2d 725, 732 (1996); State v. Matavale, 115 Hawaii149, 164-65, 166 P.3d 322, 337-38 (2007).
I would vacate Roman's conviction and remand for a new trial. I respectfully dissent.
NOTES
[1] The Honorable George S. Yuda presided.